**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ROBERT ELLENBOGEN,                      :                    Civil Action No.:
                                        :
                    Plaintiff,          :
                                        :
v.                                      :          **CLASS ACTION COMPLAINT**
                                        :
CENTRAL CREDIT SERVICE, LLC,            :
                                        :
                    Defendant(s).       :

---

Plaintiff ROBERT ELLENBOGEN ("Plaintiff"), by and through his attorneys,
Edward B. Geller, Esq., P.C. as and for its Complaint against the Defendant CENTRAL
CREDIT SERVICE, LLC (hereinafter referred to as "Defendants"), respectfully sets
forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and
injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the
United States Code, commonly referred to as the Fair Debt Collections Practices Act
("FDCPA").

### PARTIES

2.      Plaintiff ROBERT ELLENBOGEN is a resident of the State of New Jersey,
residing at 15 Tenth Street, Lakewood, New Jersey 08701.

3.     Defendant CENTRAL CREDIT SERVICES, LLC is a Florida limited liability company with an address at 9550 Regency Square Boulevard, #500, Jacksonville, FL 32225.

4.     Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692 a (3).

5.     The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10.    The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11.    The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21.      Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.      Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23.      Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by writing to Plaintiff.

24.      On or about February 10, 2015, Plaintiff received a mass-produced notice from Defendant dated February 4, 2015.  Defendant's notice is attached hereto as Exhibit "A."

25.      Defendant notified consumers of a debt owed to a current creditor and listed an original creditor.

26.      Defendant's notice included required 30-day dispute and validation disclosures.

26.      Defendant's notice concluded with a paragraph stating: "The law limits the time that you can be sued to collect the debt from you and that time period varies by state. There is a possibility that this period of time has expired, and that you cannot be sued by the creditor. You should be aware that certain actions you might take and other circumstances can revive this time period."

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

27.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.     15 USC §1692e – preface prohibits a debt collector from using any false, misleading or deceptive representations in connection with the collection of a debt.

29.     The Defendant violated 15 USC §1692e – preface by creating a mass-produced form notice for dissemination to consumers as exemplified by Defendant's Collection notice dated February 4, 2015 (Plaintiff's Exhibit "A"), which deliberately contains deceptive and misleading statements. Defendant is entirely aware that the concluding paragraph regarding the status of the consumer's debt with regard to being eligible for suit is vague and does not make clear to the least sophisticated consumer whether the subject debt has exceeded the statute of limitations for suit, and does not explain the specific actions on the part of the consumer which would begin the clock and re-age time-barred debts, especially when said notice fails to state the date the debt was incurred. Defendant states in vague terms: "You should be aware that certain actions you might take and other circumstances can revive this time period," while not defining "certain actions" or "other circumstances," so that the consumer not only is led to believe that suit may occur, but also is unaware that the payment Defendant is demanding in its notice will be one of the "certain actions" which would lead to possible suit. Defendant's language is deliberately vague, confusing and misleading and violates the statute pursuant to *Delgado v. Capital Management Services, LP*, 2013 U.S. Dist.

LEXIS 40796, *19 (C.D. Ill. Mar. 22, 2013), where, in its consolidated opinion, the

Seventh Circuit held that, "absent disclosures to consumers as to the age of their debt,

the legal enforceability of it, and the consequences of making a payment on it, it is

plausible that dunning letters seeking collection on time-barred debts may mislead and

deceive unsophisticated consumers."

      30.     Pursuant to 15 USC §1692 e (5), a debt collector is prohibited from

threatening to take any action which cannot legally be taken or that is not intended to be

taken.

      31.     Defendant's notice contains language deliberately designed to suggest

that the debts being collected are legally enforceable when this is not the case.

Defendant informs consumers whose debts are time-barred that the law limits the time a

consumer may be sued to collect a debt and "There is a possibility that this period of

time has expired," rather than stating that the time *has* in fact expired. Defendant also

states: "You should be aware that certain actions you might take and other

circumstances can revive this time period," while not defining "certain actions" or "other

circumstances," so that the consumer believes suit may occur. Defendant violates 15

USC §1692 e (5) pursuant to *Delgado v. Capital Management Services, LP*, 2013 U.S.

Dist. LEXIS 40796, (19 (C.D. Ill. Mar. 22, 2013) stating that "if the debt collector uses

language in its dunning letter that would mislead an unsophisticated consumer into

believing that the debt is legally enforceable, . . . the collector has violated the FDCPA."

      32.     15 USC §1692 f –preface prohibits a debt collector from using any unfair or

unconscionable actions in connection with the collection of a debt.

33.     The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably mass-producing and sending notices, exemplified by Defendant's collection notice sent to Plaintiff dated February 4, 215, designed to convince consumer recipients that they will be subject to possible legal action if they do not send payment, when in fact, the subject debt is time-barred.  Defendant's mass-produced written communication purposely unfairly and unconscionably contains misleading references to a "possibility" that the subject debt has exceeded the statute of limitations for suit when Defendant knows that said debts have in fact exceeded the statute. Moreover, Defendant makes vague references to "certain actions you might take" and "other circumstances" as undefined things that can "revive this time period," when Defendant's very notice demanding payment will precipitate one of such actions, should the consumer make a payment on their time-barred debt.

34.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

35.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B.     For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.     For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.     For      attorneys'      fees      and      costs      provided      and pursuant      to15USC§1692(a)(3);

E.    A declaration that the Defendant's practices violated the FDCPA;

F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    August 11, 2015

Respectfully submitted,

*EDWARD B. GELLER, ESQ. (EG9763)*
*EDWARD B. GELLER, ESQ., P.C.*

*Attorney for the Plaintiff* ROBERT ELLENBOGEN

To:    Central Credit Services, LLC
9550 Regency Square Boulevard, #500
Jacksonville, FL 32225.

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*

EXHIBIT "A"

04/22/2015  12:39                                              002/002



20 Corporate Hills Drive

St. Charles, MO 63301                    2

# Central Credit Services LLC
Formerly Veldos, LLC
PO Box 1880 • St. Charles, MO 63302-1880
**Phone: 888-355-7515**

February 4, 2015

Robert Ellenbogen
15 10TH ST
LAKEWOOD, NJ  08701-1906



ACCOUNT IDENTIFICATION

Current Creditor: Pendrick Capital Partners, LLC
Orig Creditor:    TIDAL EMERGENCY PHYSICIAN
Account:          130652W8026  2441850
Balance:          $307.36
Reference #:      9751856

This letter is to notify you that your above referenced account with Pendrick Capital Partners, LLC has been placed with this office for collection activity. Your attention to this matter is needed.

Please contact this office at (888) 355-7515 to resolve this issue. For your convenience, our account representatives accept several forms of payment including checks by phone and credit cards. Alternatively, you may mail us the total balance due using the detachable slip at the bottom of this notice.

If your balance is not in question, you may send us the balance of your account by check, or money order using the return envelope provided. Additionally, we can accept credit card and check by phone payments.

All future payments must be made directly to Central Credit Services. Please refer to the above reference number in the memo section of all future checks.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law limits the amount of time that you can be sued to collect the debt from you and that time period varies by state. There is a possibility that this period of time has expired, and that you cannot be sued by the creditor. You should be aware that certain actions you might take and other circumstances can revive this time period.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded for quality assurance.**

AMF00900
AMF_ntfl_V1
490158 • 00000054